*328]   *AT A CIRCUIT COURT, HELD AT BEAVER, SEPTEMBER 1806.

CORAM—YEATES, JUSTICE.

# Lessee of Dr. William Shippen *against* Philip Aughenbaugh.

An application in nature of a vacating warrant, filed under the act of 3d April 1804, since the ejectment brought, not received in evidence.

Ejectment for 400 acres of land, on the waters of Beaver creek.

The plaintiff claimed under a warrant issued under the act of 3d April 1792, dated 14th April 1792, which was entered in the books of the district surveyor, on the 10th June 1793, and a survey made thereon by John Hoge, deputy surveyor, on the 14tn March 1795.

The defendant contended, that he had made an actual set-

[Shippen's Lessee *v.* Aughenbaugh.]

tlement on the lands prior to the survey. He built a cabin on the ground in 1794, and covered it in, but it had no door. The same year, he sold his improvement to John Shoup. In October 1795, some puncheons were split, rails mawled, and three or four acres were deadened. In 1796, the defendant purchased back from Shoup, for 6l., and in the spring of that year he first came to live on the land. Previous thereto, both of them resided with their families in Westmoreland county.

In the summer or fall of 1797, the agent of the population company, for whose use the warrant was taken out, demanded of the defendant possession of the premises, discharging him therefrom ; but he refused to quit the land, insisting that the warrant was dead.

In the course of the trial, the defendant's counsel offered in evidence an application, filed with the secretary of the land office, subsequent to the commencement of this ejectment, un-der the act of assembly passed on the 3d April 1804.*

This was opposed by the plaintiff's counsel.

The act is in itself singular, by changing the terms of the contract with the warrantees, under the 9th section of thé law of 3d April 1792. But to give it a retrospective effect on suits in-stituted previous to the passing of it, would be unconstitutional *and against all right. Conflicting titles must be tried [*329 as they existed, when demand of possession was made by bringing the action. The words of the law are, that such " ap-" plications shall for two years, from and after the passing of " this act, entitle the applicant, his heirs and assigns, to all the " privileges and benefits, that an original or vacating warrant " would entitle them to," &c. The application therefore has no other or further effect than a vacating warrant ; but as a vacating warrant taken out by the defendant, subsequent to the bringing of the ejectment, could not be received in evidence, it follows, that the application in the present instance must be overruled.

The defendant's counsel answered, that the hardship intended to be remedied by the act under consideration, arose from the decisions of the courts of justice, that the state only could enter on the lands for the condition broken by the warrantees, in not making the settlement and improvement required by the law of 3d April 1792. It did not impair any former contract. If the forfeiture on the default of the warrantees accrued to the com-monwealth, the legislature might constitutionally surrender their rights and interests to others, under any stipulated terms, and the warrantees would have no ground of complaint. The inten-tion of the act was, that " in all suits brought or to be brought " between warrantees and actual settlers," such settlers as pre-vious to the trial had filed their applications, should be consider-ed as standing in the place of the commonwealth, and " give their

* 4 St. Laws 510. Continued until 1st April 1807, by another act passed 28th March 1806. 7 St. Laws 637.

[Clemmins's Lessee *v.* Gottshall et al.]

"improvement and residence in evidence, as fully and with equal "force and effect, as if such settler had obtained a vacating war- "rant."

*Per Cur.* The plaintiff in ejectment must shew a good right, before he is entitled to recover the possession of the lands. If the population company have forfeited their interest in the premises, and it be competent to the defendant to object the want of actual settlement and improvement by the company, while he has withheld the possession from them of the land itself, then he will derive a benefit and advantage from his own unlawful act, which is against all law, justice and reason. The uniform decisions of the state as well as of the federal courts, have fully established this point in the negative.

Under the express words of the act of 3d April 1804, upon applications in the secretary's office, on the trial of all suits brought between warrantees and actual settlers, the actual settler is permitted to plead and make proof of his improvement and residence; and such application is declared equivalent to an original or vacating warrant. It will not be contended, that a warrant *330] *obtained by a defendant in ejectment after the suit brought could be received in evidence. The present application being placed on the same footing as a vacating warrant, the consequence is, that it is not admissible in evidence.

Messrs. Woods and Collins, *pro quer.*

Mr. A. W. Foster, *pro def.*

Verdict for the defendant.

A motion was made for a new trial by the plaintiff; and it was afterwards agreed by the counsel on both sides, that the motion should be heard and determined by the whole court at Pittsburgh next September term, without prejudice to either party.

A new trial was afterwards awarded.

Referred to in 1 Watts 100.
Referred to in 5 Watts 551 where HOUSTON, J., in a dissenting opinion said that if Shippen and Aughenbaugh had arisen after the passing of the acts of 1794, 1802, and 1804, I have no doubt the decision would have been different.